UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARI COBB<br><br>    Plaintiff<br><br>vs.<br><br>PENTAGROUP FINANCIAL, LLC<br><br>    Defendant | Case Number<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Kari Cobb, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.      Plaintiff, Kari Cobb, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Kari Cobb, is an adult natural person residing at 24680 County Road 25, LaJunta, CO 81050.

5. Defendant, Pentagroup Financial, LLC ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt with a registered office at 820 Bear Tavern Road, Trenton, New Jersey 08628-1021 and its principal place of business located at 5959 Corporate Drive, Suite 1400, Houston, TX 77036-2311.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around early February, 2010, Plaintiff began receiving calls from Defendant to her home in regards to an alleged debt owed to Dell for approximately $1,524.00.

8. Plaintiff's husband also began receiving calls to his personal cell phone around that same time looking for the whereabouts of his wife.

9. On or around February 8, 2010, Plaintiff received a call from Defendant again demanding payment arrangements be set up on this account.

10. On that call, Plaintiff informed the Defendant that she had engaged the services of the law firm Persels & Associates, LLC to help aid her in the settlement of her unsecured debt.

11. Plaintiff stated that the Defendant would need to contact Persels & Associates, LLC directly in regards to this matter.

12. Defendant's agent told the Plaintiff that she would inform her manager, mark the file that the Plaintiff was being represented by an attorney and that the calls would stop.

13. However, the next day, February 9, 2010, calls from Defendant continued.

14. On that same day, February 9, 2010, the law firm of Persels & Associates, LLC sent a "cease and desist" letter to the Defendant informing them that were representing the Plaintiff on the settling of her debts and that any further contact would need to go directly through their office. **See Exhibit "A" (letter) attached hereto.**

15. Calls from the Defendant continued for several weeks after the "cease and desist" letter was sent.

16. On or about February 24, 2010, Plaintiff received two (2) calls from an agent of the Defendant looking for payment on the above referenced debt.

17. Defendant denied that there was anything in the file that stated that the Plaintiff was with Persels & Associates, LLC.

18. Defendant's agent also denied that a "cease and desist" letter was ever received from the law firm Persels & Associates, LLC.

19. Plaintiff indicates that she has received upwards of twenty-three (23) calls from the time the "cease and desist" letter was sent to the Defendant.

20. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, the conduct of Defendant was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

25. The above paragraphs are hereby incorporated herein by reference.

26. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

27. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Pentagroup Financial, LLC, for the following:

    a. Actual damages;

    b. Statutory damages pursuant to 15 U.S.C. § 1692k;

    c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: March 24, 2010       BY:  */s/ Bruce K. Warren*
Bruce K. Warren, Esquire

*/s/ Brent F. Vullings*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff

# EXHIBIT "A"

*Exhibit A*

PO Box 729
Columbia, MD 21045

**PERSELS & ASSOCIATES, LLC**
**PERSELS & ASSOCIATES, LLP (CA, MI)**
A National Law Firm Dedicated to Consumer Rights

Neil J. Ruther, licensed in MD
Leza Griffith, licensed in MD, DC
William Grafton, licensed in MS, TX
Lisa L. Perrillo, licensed in NY, NC
Jimmy B. Persels, Of Counsel, licensed in MD, MO, IL, DC
Rendy Sell Lemke, licensed in CO and WY

Phone: 1-800-498-6761
Fax: 1-410-910-5923

PENTAGROUP
PO BOX 742209
HOUSTON, TX 77274

February 09, 2010

**Creditor Account Number:** ~~794501290631950~~

**Client Name:** Kari Cobb and David Cobb II
**Client SSN:** ~~###-##-0336 and ###-##-6953~~

To Whom It May Concern:

Our law firm has been retained by Kari Cobb and David Cobb II. Persels & Associates has a limited power of attorney to represent this client in debt settlement negotiations. Please update your records to the firm as your contact for settlement of our client's debts. Cease all further direct contact with our client pursuant to The Fair Debt Collections Practices Act.

This scope of our representation does not include entry of appearance on behalf of the client in any related litigation. <u>We do not accept service on behalf of our client in any proceeding. All court papers and notices must be served directly on the party.</u>

You can reach Persels & Associates at 1-866-939-PALAW. We will contact you in the future to discuss possible settlement options. We look forward to working with you and appreciate your assistance in resolving this matter so that we can expedite a solution that is best for everyone.

Sincerely,

Rendy Sell Lemke

**Persels & Associates**

*Neil J. Ruther* (signature)

Neil J. Ruther
1-800-498-6761

Rev: 823E-008-091220